**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SHAWN G. HENRY,<br>      Plaintiff | )<br>)<br>)<br>) |
| VS. | )<br>)     CIVIL ACTION NO.<br>)     00cv10170JLT<br>) |
| NATIONAL GEOGRAPHIC SOCIETY<br>and NGE, INC. d/b/a<br>NATIONAL GEOGRAPHIC INTERACTIVE,<br>      Defendants. | )<br>)<br>)<br>)<br>) |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, National Geographic Society and NGE, Inc. d/b/a National

Geographic Interactive, hereby respond to the Plaintiff's Second Amended Complaint in

the above-referenced matter as follows:

1.      Defendants, upon information and belief, admit the allegations of

paragraph 1.

2.      Defendant National Geographic Society admits the allegations of

paragraph 2.

3.      Defendant NGE, Inc. d/b/a/ National Geographic Interactive admits the

allegations of paragraph 3.

4.      Defendants state that the allegations contained in paragraph 4 of the

Complaint are conclusions of law to which no response is required.  And, to the extent



1

that a response may be deemed to be required, deny each and every allegation contained in paragraph 4 of the Complaint.

5.      Defendant National Geographic Society admits that on or about August 22, 1995, National Geographic Society and Henry entered into a written agreement a copy of which is attached as Exhibit A to the Complaint. Defendants refer the Court to that document for its contents. The remaining allegations of paragraph 5 are denied to the extent they are inconsistent with, contradict or attempt to characterize the written agreement.

6.      It is admitted that, under the Agreement between Henry and Defendant National Geographic Society, Henry transferred "all rights, including copyright and world publication rights" of the subject photographs to Defendant National Geographic Society. Defendants refer the Court to the written agreement for its contents. The remaining allegations of paragraph 6 are denied to the extent they are inconsistent with, contradict or attempt to characterize the written agreement.

7.      Defendants admit the allegations of paragraph 7.

8.      Defendant NGE, Inc. admits that on or about April 7, 1999, NGE, Inc. and Henry entered into a written agreement a copy of which is attached as Exhibit B to the Complaint. Defendants refer the Court to that document for its contents. The remaining allegations of paragraph 8 are denied to the extent they are inconsistent with, contradict or attempt to characterize the written agreement.

9.      Defendants deny the allegations of paragraph 9.

10.     Defendants deny the allegations of paragraph 10.

11.     Defendants deny the allegations of paragraph 11.

12. Defendants admit the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

<u>COUNT I</u>

16. Defendants incorporate their answers from paragraphs 1 through 15 as if specifically set forth herein again.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

<u>COUNT II</u>

19. Defendants incorporate their answers from paragraphs 1 through 18 as if specifically set forth herein again.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

<u>COUNT III</u>

22. Defendants incorporate their answers from paragraphs 1 through 21 as if specifically set forth herein again.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29.     Defendants deny the allegations of paragraph 29.

Defendants deny all other allegations of the Complaint not specifically admitted.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against any of the Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants use of the subject photographs was fully within their rights, and Defendants have at all times fully performed their obligations under their agreements with the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Defendants are the owners of all rights, including copyright and world publication rights, in and to the subject photographs.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Mass. G.L. ch. 93A are preempted by the federal copyright statute, 17 U.S.C. §101 et seq.

SIXTH AFFIRMATIVE DEFENSE

The alleged unfair and deceptive acts did not occur primarily and substantially within the Commonwealth of Massachusetts.

Respectfully submitted,

NATIONAL GEOGRAPHIC SOCIETY
And NGE, INC. d/b/a/ NATIONAL
GEOGRAPHIC INTERACTIVE

By their attorneys,

Michael R. Reinemann, Esq.
BBO No. 556,808
Michael E. Attaya, Esq.
BBO No. 548,297
Cesari and McKenna, LLP
30 Rowes Wharf
Boston, MA  20110
(617) 951-2500

Dated:  March 14, 2001

Of Counsel
Christine C. Zebrowski, Esq.
National Geographic Society
1145 17th Street N.W.
Washington, D.C. 20036-4688
(202) 857-7425

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to the

Plaintiff's Complaint was served upon the following counsel of record by facsimile and

regular mail on March 14, 20001

Jonathan M. Feigenbaum, Esq.
Phillips and Angley
1 Bowdoin Square
Boston, MA  02114
fax. 617-227-8992

6