UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAWN G. HENRY,
    Plaintiff,

v.                               Civil Action No. 00-10170-JLT

NATIONAL GEOGRAPHIC SOCIETY
and NGE, Inc.,
    Defendants.

MEMORANDUM

June 4, 2001

TAURO, J.,

Plaintiff Shawn Henry is a freelance photographer. In 1995, Defendant National Geographic Society contracted with Henry to photograph parts of New England for a book series entitled "Driving Guides to America." National Geographic Society and Defendant NGE, Inc., d/b/a National Geographic Interactive, (collectively "National Geographic") later used Henry's photographs in a travel-planning-software series, called "Trip Planners."

Henry sued National Geographic for breach of contract, conversion, and a Mass. Gen. Laws 93A violation. National Geographic's Motion for Summary Judgment is before the court.

**BACKGROUND**

Henry entered into an Agreement with National Geographic where, for a flat $10,000 fee, Henry would photograph parts of New England for National Geographic's Driving Guides book series. In 1998, National Geographic began producing the Trip Planner series of interactive software. This series included the Trip Planner Deluxe, Platinum 2000, Deluxe Super Saver, Deluxe Special Edition, and Platinum 2001. The box containing the Trip Planner Platinum

1

included one of Henry's photographs from the Driving Guides assignment, "Hikers on a Cliff." Because the image was used on the packaging, National Geographic contacted Henry to seek his permission to use the "Hikers" image. Henry agreed to license the photograph for use in the Trip Planner Platinum for $2500.

Henry later viewed all five Trip Planners, and discovered that forty-three of his photographs from the Driving Guides assignment were used by National Geographic in the Trip-Planner software. Henry contacted National Geographic to negotiate a license for the use of the photographs, but National Geographic declined.

## **DISCUSSION**

Summary Judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[1] When deciding a Summary-Judgment Motion, the court examines the record "in the light most flattering to the non-movant and indulge[s] all reasonable inferences in that party's favor."[2]

### I. Breach of Contract

Henry's breach-of-contract claim states that National Geographic "materially breached the terms of the [1995] Agreement [], by using Henry's images [in the Trip-Planner-software series], without the express or implied permission of Henry."[3] The Agreement provides that:

> All photographs taken by you under this agreement will be considered as specifically commissioned for use by National Geographic and upon creation all rights, including the

---

[1] Fed. R. Civ. P. 56(c).

[2] Caddle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

[3] Second Am. Compl. at ¶ 17.

2

copyright and world publication rights in all languages to these photographs will automatically, by virtue of this agreement be deemed transferred exclusively to National Geographic for the full term of the copyright.

Such exclusive rights to the published photographs shall include the right to serialize any photographs and content from the Book, in any form in any other books, magazine, and periodicals, as well as to use them in advertising and promotional material related to the Book, in paper products such as calendars, posters, etc., and in audio, visual and/or laser, magnetic, digital, video or other electronic formats, and to license others to edit, revise, or abridge the Book in any format or style.

No secondary or other usage of the photographs unrelated to the Book is granted to National Geographic, and or other parties.[4]

National Geographic argues that Summary Judgment is appropriate because the Agreement transferred all rights in the photographs to National Geographic. National Geographic points to the first sentence in the cited portion of the Agreement, providing that "all rights including the copyright and world publication rights . . . will . . . be deemed transferred exclusively to National Geographic."[5] Because the Agreement transferred all rights in the photographs to National Geographic, it claims that it is entitled to judgment as a matter of law on Henry's breach-of-contract claim.

Henry counters that the Agreement is ambiguous. He contends that it did not transfer all rights in the photographs to National Geographic, but only the right to use the photographs in and for uses related to the Driving Guides. Henry directs the court to the last cited statement in the Agreement, which provides that "[n]o secondary or other usage of the photographs unrelated to

---

[4](Agreement ¶ 4; Reinemann Decl., Exh. D.)

[5](Id.)

the Book is granted to National Geographic, and or other parties."[6] Because this statement contradicts the broad language cited by National Geographic, Henry argues that the contract is ambiguous, and Summary Judgment must be denied.

Under Massachusetts law, a contract term is ambiguous where its language is "reasonably prone to different interpretations or susceptible to differing, but nonetheless, plausible constructions."[7] The court considers the contract as a whole; its meaning "cannot be delineated by isolating words and interpreting them as though they stood alone."[8] If the contractual language is ambiguous, a fact finder must resolve the ambiguity by considering the factual evidence offered by the parties to support their differing interpretations.[9]

The Agreement here is ambiguous. The sentence cited by National Geographic appears to transfer to it all rights in the photographs. The sentence cited by Henry, however, appears to limit the photographs' usage to the Driving Guides and uses "related" to the Driving Guides. This limitation would be superfluous if "all rights" in the photographs transferred. "Construction of an agreement which renders [any part] a nullity is disfavored inasmuch as no part of [a] contract should be deemed superfluous."[10]

National Geographic alternatively argues that even if the Agreement only granted rights

---

[6](Id.)

[7]Lanier Prof. Serv., Inc. v. Ricci, 192 F.3d 1, 4 (1st Cir. 1999) (internal citations omitted).

[8]Starr v. Fordham, 420 Mass. 178, 190 (1995).

[9]See Lanier, 192 F.3d at 4.

[10]Den Norske Bank AS v. First Nat. Bank, 75 F.3d 49, 54 (1st Cir. 1995) (internal quotations omitted).

4

to use the photographs in ways "related" to the Driving Guides, it is still entitled to Summary Judgment because the Trip Planner series is related to the Driving Guides. National Geographic argues their relatedness by noting that the Driving Guides and the Trip Planners are travel planners, and that they contain identical language. Henry counters that the subject matter of the two products is irrelevant, and that they are unrelated, in part, because of the different mediums for viewing the photographs -- one electronic and the other hard-copy. Regardless, a genuine dispute exists of whether the Driving Guides and Trip Planners are "related."

## II. Conversion

Defendants next move for Summary Judgment on Henry's conversion claim, arguing that the claim is preempted by the Copyright Act[11]. The statute preempts any state-law claim that raises essentially the same contentions.[12] For the Copyright Act to preempt a state-law claim: (1) the subject of the state claim must constitute a work protected under the Copyright Act, and (2) the state-law claim must provide a right equivalent to those provided by the Copyright Act.[13]

### A. Copyrighted Work

Henry alleges that National Geographic committed conversion by using the forty-three photographs, taken by him on the Driving Guides assignment, in the Trip Planners. The Copyright Act provides copyright protection for "pictorial, graphic and sculptural works."[14]

---

[11] 17 U.S.C. § 301(a)-(b) (2000).

[12] See Data Gen. Corp. v. Gramman Sys. Supp. Corp., 795 F. Supp. 501, 555 (D. Mass. 1992).

[13] See Patricia Kennedy & Co. v. Zam-Cul Enter., Inc., 830 F. Supp. 53, 55-56 (D. Mass. 1993).

[14] 17 U.S.C. § 102(a)(5).

5

Section 101 of the Act defines such works to include "photographs." Henry's photographs then are subject to copyright protection.

B. Equivalent Rights

Rights are "equivalent" if the state-law claim does not contain an extra element that renders it "qualitatively different" from a copyright claim.[15] When considering whether the right provided by a state-law claim is equivalent to that provided by the Copyright Act, courts focus on "what plaintiff seeks to protect."[16] If the plaintiff's state-law claim seeks to protect a matter within the scope of copyright law, the claim is preempted.[17]

Section 106 of the Copyright Act protects copyright owners from the unauthorized reproduction of the copyrighted work and preparation of derivative works based on the copyrighted work.[18] To prove conversion in Massachusetts, a plaintiff must show that the defendant intentionally and wrongfully exercised control or dominion over personal property, owned or possessed by the plaintiff, and that the plaintiff was damaged as a result.[19]

The district court in Quincy Cablesystems, Inc. v. Sully's Bar, Inc.[20] considered whether

---

[15]Harper & Row, Publishers, Inc. v. Nation Enter., 723 F.2d 195, 201 (2d Cir. 1980), rev'd on other grounds, 471 U.S. 539 (1985).

[16]Kennedy, 830 F. Supp. at 56.

[17]See Yankee Candle Co. v. Bridgewater Candle Co., 107 F. Supp. 82, 87 (D. Mass. 2000).

[18]See 17 U.S.C. § 106(1)-(2).

[19]See Evergreen Marine Corp. v. Six Consignments of Frozen Scallops, 4 F.3d 90, 95 (1st Cir. 1993).

[20] See 650 F. Supp. 838, 849 (D. Mass. 1989).

the plaintiff's conversion claim, brought under Massachusetts law, was preempted by the Copyright Act. There, the plaintiffs, a cable-television system and a program provider, sued a group of taverns for using satellite-dish antennas to unlawfully intercept sports programs transmitted by the provider to paying customers.[21] The plaintiffs alleged seven causes of action, including conversion and copyright-infringement claims. The defendants moved to dismiss the conversion claim as preempted. The court considered the plaintiffs' conversion claim, which sought to protect plaintiffs' rights of distribution, performance, and display. Because § 106 of the Copyright Act protects these same rights, the court concluded that the rights protected by the conversion claim were equivalent to those protected by copyright law, and therefore, the conversion claim was preempted.[22]

Henry's conversion claim seeks to protect his right to reproduce the forty-three photographs. Because § 106 also protects copyright owners from the unauthorized reproduction of the copyrighted work, the state and federal rights are equivalent, and Henry's conversion claim is preempted.

### C. Mass. Gen. Laws ch. 93A claim

National Geographic next seeks Summary Judgment on Henry's 93A claim. Massachusetts General Laws Chapter 93A prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." But such unfair practices must reach "a level of rascality that would raise an eyebrow of someone inured to the

---

[21]See id. at 840.

[22]See id. at 849-50.

rough and tumble of the world of commerce,"[23] and be "unscrupulous, intolerable, and unethical"[24]. In addition, the "actions . . . constituting the alleged unfair method of competition or the unfair or deceptive act or practice [must have] occurred primarily and substantially in Massachusetts."[25]

Henry claims that National Geographic violated 93A by willfully using the forty-three photographs in the Trip Planners without his permission. He further states that he confronted National Geographic, but it continued to use the photographs without authorization.

Defendants are entitled to Summary Judgment on Henry's 93A claim on three independent grounds. First, the conduct alleged has not attained a level of rascality to bring it within the statute's proscription. Henry merely argues that National Geographic unlawfully reproduced his photographs. National Geographic contends that the Agreement conveyed to it all rights in the photographs, and therefore that its use was lawful. Regardless of the extent of the rights transferred, National Geographic's alleged conduct was not so unscrupulous and intolerable to rise to the level necessary to support a Chapter 93A claim.

Second, the conduct alleged did not occur "primarily and substantially in Massachusetts." National Geographic bears the burden of showing that the alleged conduct occurred primarily outside of Massachusetts.[26] But whether National Geographic satisfies this burden is a question

---

[23]Levings v. Forbes & Wallace, Inc., 396 N.E.2d 149, 153 (Mass. App. Ct. 1979).

[24]Williams v. Arndt, 626 F. Supp. 571 (D. Mass. 1985).

[25]Mass. Gen. Laws. ch. 93A, § 11.

[26]See Roche v. Royal Bank of Canada, 109 F.3d 820, 829 (1st Cir. 1997).

of law for this court.[27]

In Clinton Hosp. Ass'n v. Corson Group, Inc., the First Circuit set forth three factors to determine whether the alleged behavior occurred primarily and substantially in Massachusetts: "(1) where defendant committed the deception; (2) where the plaintiff was deceived; and (3) the situs of plaintiff's losses due to the deception."[28]

Henry's Complaint does not state where the alleged deception occurred, but in his briefs to this court, he concedes that the deception occurred in Washington, D.C., where National Geographic is headquartered. Henry also makes no reference to the location where he was deceived. He only argues that alleged misconduct occurred substantially and primarily in Massachusetts because he is a Massachusetts resident and suffered damage in Massachusetts.

In Yankee Candle Co. v. Bridgewater Candle Co., Judge Ponsor faced the same issue.[29] The plaintiff, a scented-candle manufacturer, sued a competitor for numerous state and federal claims arising from the defendant's use of the plaintiff's label and trade dress. Among the claims were copyright infringement and a Mass. Gen. Laws 93A violation.[30]

Considering the Clinton factors, the court determined that only the last factor – the location of injury – was met. The court stated that "[w]hen the place of injury . . . is the only factor weighing in favor of a claimant, the admonition of Massachusetts courts that liability

---

[27] See id.

[28] 907 F.2d 1260, 1265-66 (1st Cir. 1990).

[29] 107 F. Supp. 82 (D. Mass. 2000).

[30] See 107 F. Supp. 82, 89 (D. Mass. 2000).

9

under 93A is not to be imposed lightly is particularly relevant."[31] Accordingly, the court granted summary judgment for the defendant, concluding that the alleged conduct did not occur primarily in Massachusetts.

Similarly in American Management Serv., Inc. v. George S. May Int'l Co., Judge Gertner dismissed the plaintiff's 93A claim where the only connection to Massachusetts was that the plaintiff was domiciled in Massachusetts, and apparently suffered damage in Massachusetts.[32] The court stated that "[s]omething more than a Massachusetts' plaintiff is required to invoke the provisions of Chapter 93A."[33]

Henry only alleges that he suffered damage in Massachusetts, satisfying only one of the three Clinton factors. Considering the general policy behind 93A of protecting against only those deceptions that occur within the Commonwealth, the court cannot conclude that the alleged misconduct occurred substantially and primarily in Massachusetts.

Third, Summary Judgment is appropriate because Henry's 93A claim is preempted by the Copyright Act. As stated above, the photographs, the subject of the 93A claim, constitute a work protected by the Copyright Act. The only remaining question on preemption then is whether the state-law claim provides a right equivalent to that provided by the Copyright Act.[34]

In Patricia Kennedy & Co. v. Zam-Cul Enter., Inc., Magistrate Judge Collings considered

---

[31]Id. at 89 (internal quotations omitted).

[32]See 933 F. Supp. 64, 67 (D. Mass. 1996).

[33]Id. at 68.

[34]See Kennedy, 830 F. Supp. at 55-56.

whether the plaintiff's Mass. Gen. Laws ch. 93A claim was preempted by the Copyright Law.[35] The plaintiff alleged that the defendant violated 93A by unlawfully using plaintiff's logo and then disputing its origination and refusing to pay for services rendered in preparing the logo.

Magistrate Judge Collings ruled that the plaintiff's claim was in part preempted. He held that insofar as a Chapter 93A claim alleged only that the unauthorized use of the copyrighted work constituted an unfair and deceptive trade practice, the claim is preempted because the right to reproduce the copyrighted work is equivalent to the right protected by the Copyright Act.[36] But where the plaintiff alleges that the defendant's acquisition of the copyrighted work was accomplished through unfair or deceptive means, such as by acquiring the artwork without paying for it and then disputing its origination, the claim was not preempted because it "had attained a level of rascality beyond mere copyright infringement."[37]

Henry argues that 93A provides a different right than those provided by the Copyright Act because 93A provides for treble damages and attorneys' fees, and the Copyright Act does not. But when considering whether the right provided by a state-law claim is equivalent to that provided by the Copyright Act, the court focuses on "what plaintiff seeks to protect."[38] Here, Henry seeks to protect his right to reproduce the forty-three photographs taken on his Driving Guides assignment. He claims that National Geographic's use of the photographs constitutes unfair and deceptive practice. Because he fails to allege any rascality, the right he seeks to

---

[35]See id. at 56-57.

[36]See id. at 57.

[37]Id.

[38]Kennedy, 830 F. Supp. at 56.

11

enforce under Chapter 93A – the right the reproduce the copyrighted work – is equivalent to the right protected by copyright law.

## CONCLUSION

National Geographic's Summary-Judgment Motion is DENIED as to Henry's breach-of-contract claim because the Agreement is ambiguous; ALLOWED as to Henry's conversion claim because the claim is preempted by the Copyright Act; and ALLOWED as to Henry's 93A claim because the conduct alleged does not rise to the level required to support the claim, the conduct did not occur primarily and substantially in Massachusetts, and because the claim also is preempted by the Copyright Act.

ORDER HAS ISSUED.

_____
United States District Judge